**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR367** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **AMENDED** |
| | ) | **TENTATIVE FINDINGS** |
| **MARCOS LOPEZ-RODRIGUEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Modified Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 22), and the Defendant's objections to the Tentative Findings. *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The plea agreement states that "[t]he defendant acknowledges that the sentencing enhancement provision of Title 8, United States Code, Section 1326(b)(2), applies in this case because he was convicted of An [sic] *aggravated* felony before his deportation." (Filing No. 20, ¶ 4 (emphasis added).) The Defendant objects to the application of the 16-level enhancement in ¶ 12 of the PSR under U.S.S.G. § 2L1.2(b)(1)(A) for conviction of a drug trafficking offense for which his imposed sentence exceeded 13 months. Defendant states that his prior conviction fell under California Health & Safety Code § 11379.6(a). The current version of the California statute provides:

> Except as otherwise provided by law, every person who manufactures, compounds, converts, produces, derives, processes, or prepares, either directly or indirectly by chemical extraction or independently by means of chemical synthesis, any controlled substance specified in Section 11054, 11055, 11056, 11057, or 11058 shall be punished by imprisonment in the state prison for three, five, or seven years and by a fine not exceeding fifty thousand dollars ($50,000).

California Health & Safety Code § 11379.6(a) (2004).

The application notes to § 2L1.2 defines a "[d]rug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. " U.S.S.G. § 2L1.2 application note 1(B)(iv).

The Court agrees that, in addition to proscribing conduct that falls within the definition of "drug trafficking offense" as used in § 2L1.2(b)(1)(A), § 11379.6(a) also proscribes conduct that falls outside the realm of a "drug trafficking offense" as used in § 2L1.2(b)(1)(A). The California statute, therefore, is considered "overinclusive." *United States v. Garcia-Medina,* 497 F.3d 875, 877 (8th Cir. 2007). Therefore, the Court agrees with the Defendant that if the Court hears the objection and the government proves the fact of the conviction, the sentencing court must consider the terms of the charging document, any plea agreement, plea colloquy, and judicial record to determine whether the Defendant pleaded to a crime that can be considered a "felony drug trafficking offense" under § 2L1.2(b)(1)(A). *Id.*

The difficulty with the Defendant's argument, however, is that in the plea agreement the Defendant acknowledged that he was convicted of an aggravated felony before he was removed on November 13, 2001.[1] (Filing No. 20, ¶ 4; PSR, ¶ 7.) While he was under oath at his change-of-plea hearing, the Defendant again agreed that he was convicted of an aggravated felony prior to his deportation or removal. Carefully comparing the definition

---

[1] The Defendant was also removed from the United States on April 24, 2006, and May 8, 2006. (PSR, ¶ 7.)

of an "aggravated felony" in 8 U.S.C. § 1101(a)(43), with the Defendant's criminal history, the only category of that definition of an aggravated felony that could possibly apply in the Defendant's case is "illicit trafficking in a controlled substance . . ., including a drug trafficking crime . . . ." 8 U.S.C. § 1101(a)(43)(B). Therefore, the Defendant has already admitted to having committed an aggravated felony, in effect a drug trafficking crime.

Accordingly,

IT IS ORDERED:

1. The Court's tentative findings are that the Defendant's objection to ¶ 12 of the PSR is denied;

2. Unless the Court states otherwise at sentencing, these Amended Tentative Findings will be adopted at sentencing; and

3. If **any** party wishes to challenge these tentative findings, the party may orally do so at sentencing.

DATED this 25th day of February, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge